## WHITNEY et al. v. EMPLOYERS CASUALTY CO.

### No. 11681.

Circuit Court of Appeals, Fifth Circuit.
Dec. 6, 1946.

Rehearing Denied Jan. 10, 1947.

George Rice, of Houston, Tex., for appellants.

Larry W. Morris, of Houston, Tex., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

The Austin Company, general contractor for the construction of a plant for the Dow Chemical Company at Freeport, Texas, sublet certain pile-driving work to appellants. A member of appellants' pile-driving crew, one Hill, was injured when a large wooden

---

mat being moved by the pile-driving crane fell on him. Hill collected the statutory compensation from The Travelers Insurance Company, which provided workmen's compensation insurance to appellants in accordance with Texas law. The Texas compensation law permitted him, in addition, to prosecute a claim against any third party for injuries attributable to its negligence. Hill, on allegations that The Austin Company's negligence caused his injuries, then sued The Austin Company. The Travelers Insurance Company joined in Hill's suit to recover, as Hill's subrogee, the amount of compensation it had paid Hill. In its capacity as public liability insurer of The Austin Company, the Employers Casualty Company by way of a third-party complaint in the name of The Austin Company against the appellants alleged that appellants in the subcontract had contracted to indemnify The Austin Company against the claim asserted by Hill. By way of a fourth-party complaint against Employers Casualty Company, appellants alleged that Employers Casualty Company should bear any ultimate liability on The Austin Company by reason of its public liability insurance with the Employers Casualty Company. In its answer to the fourth-party complaint the Employers Casualty Company adopted the allegations of The Austin Company's third-party complaint; in a fifth-party complaint the Employers Casualty Company alleged that The Travelers Insurance Company, as a public-liability-insurance carrier for appellants should bear the ultimate liability for the injuries to Hill. Before the trial of any issues the Employers Casualty Company settled on behalf of The Austin Company by the payment of $15,000 to Hill and $5,000 to The Travelers Insurance Company. In referring to the settlement the judgment based thereon recited:

"It was agreed that William E. Hill shall recover judgment against The Austin Company for fifteen thousand dollars ($15,000.00) and costs of [sic] The Travelers Insurance Company shall recover judgment against The Austin Company for five thousand dollars ($5,000.00) and costs in full settlement of their claims.

"It was further agreed by all parties that the amount paid by The Austin Company in settlement of the aforesaid claims is reasonable and shall not prejudice The Austin Company in any way in its claim against the third-party defendants.

"It was further agreed that the complaint of The Austin Company against A. E. Whitney, E. A. Whitney, individually and as a partnership, and J. A. Tobin Construction Company relating to the rights of recovery by The Austin Company against them on the grounds of common law liability for negligence and for contribution between joint tort feasors shall be dismissed with prejudice to its right to recover on such claim.

"It was further agreed that the claims asserted by The Austin Company against A. E. Whitney, E. A. Whitney, individually and as a partnership, and J. A. Tobin Construction Company on the alleged contracts of indemnity and the claims of said third-party defendants against the Employers Casualty Company shall be severed from the portion of the case which has been settled and shall remain on the docket of this Court to be tried as a separate proceeding without prejudice to the rights of any of the parties."

After the settlement, the court tried the liability of the appellants for the amount paid to Hill and The Travelers Insurance Company. The court found:

"The Indemnity Clause of the Contract quoted herein is very broad, and I think and conclude that thereunder and under the Facts here, subcontractor is liable to contractor and Casualty Company for the amount paid by Casualty Company in settlement of Hill's claim and expenses incurred herein by Contractor and Casualty Company, as hereinbefore set forth.

"3. The Texas Workmen's Compensation Law relieves Employers from all common [Law] liability to their Employees, and under such Compensation Law, subcontractor was not liable to Hill at common law for damages for his injuries, although caused by the negligence of subcontractor. But Contractor, et al. are not here asserting a *Common Law* liability against Subcontractor, but a *Contractual* liability by reason of the 'Indemnity Clause' of the Contract between them. Knowing they were

covered by such Compensation Law, subcontractor executed the Contract containing the 'Indemnity Clause,' and is I think liable to Contractor as stated.

"Judgment for Contractor and Casualty Company against Subcontractor for the amount paid in settlement of Hill's claim, plus expenses incurred * * *."

The appellants bring this appeal from that judgment. The sole question is whether, under the indemnity provision of the subcontract, the appellants are liable for the amounts paid in settlement of the claim asserted by Hill and The Travelers Insurance Company against The Austin Company.

The applicable parts of the indemnity provision are as follows:[1] "Subcontractor shall comply with all laws relating to Workmen's Compensation. * * * Subcontractor shall indemnify and save harmless the Contractor from and against * * * payments or liability for injuries to any person or property, on account of the act, neglect or default of the Subcontractor * * *."

Thus, appellee, relying on the indemnity provision for its recovery, must show that the settlement was made "on account of the act, neglect, or default of the Subcontractor."

We think that the settlement was not so made: The settlement provides that Hill and The Travelers Insurance Company shall recover judgment against The Austin Company "in full settlement of their claims." In their complaint they alleged that the negligence of The Austin Company or its agents caused Hill's injuries. Therefore "their claims" in the quoted provision of the settlement refers to the negligence of The Austin Company or its agents. The Austin Company and its insurer, the appellee, paid the claim on a compromise basis without prejudice to subcontractor's rights. The payment stands as though the claim had been tried and judgment rendered for that amount. The appellants, as subcontractors, agreed to indemnify and save harmless the contractor from and against payments or liability for injury to any person or property *on account of the act, neglect or default* of the subcontractor. A payment by the contractor is here sued for. Was it a payment on account of the act, neglect or default of the subcontractor when the claim paid was based wholly on the charge of negligence of the contractor, with respect to which no recovery could have been had for any act, neglect or default of the subcontractor under the Texas law? Only upon a finding that the contractor was negligent could plaintiffs have recovered against the contractor. A finding that Hill's injury was due to the neglect of the subcontractor would have freed the contractor of the claim asserted by the plaintiffs. When, therefore, the contractor consented to a judgment being entered against it upon plaintiffs' claim, based on negligence charged solely against it, the judg-

[1] The indemnity provision of the contract in its entirety reads as follows: "Article 6. (a) *Subcontractor shall comply with all laws* relating to Workmen's Compensation, Public Liability, wages and hours, taxes and contributions in respect of unemployment insurance, and all other laws and regulations, State and Federal, *applicable to Subcontractor's employees on said work*, and cause its Subcontractors, if any on said work, also to comply therewith, *and shall exhibit to the Contractor's satisfaction, certificates and evidence of all such compliances, both before said work is begun and during its performance*. It also agrees, when required by law, to make payments to employees or dependents of its Subcontractors, and to save harmless the Contractor from all liability on account of such payments. *Subcontractor shall indemnify and save harmless the Contractor from and against any and all* payments and liabilities for payment of compensation and damages which the Contractor may be required or obligated to make to or on account of its own employees, and also indemnify and save harmless the Contractor from and against any and all losses, liabilities, suits or obligations of any kind, paid or incurred by the Contractor on account of the failure of the Subcontractor to perform its said promises; including also *payments or liability for injuries to any person or property, on account of the act, neglect or default of the Subcontractor*, and further agrees that the Contractor may retain from monies owing by it to the Subcontractor, sufficient sums to protect and indemnify it against all of said losses and liabilities." [Emphasis added.]

212

ment rendered and the payments made pursuant thereto necessarily had to do with alleged acts of negligence on its part and on its part alone.

The court below has found that "his injury was proximately caused by the negligence of Subcontractor and their employees, and was not in any way caused by the negligence of Contractor." That finding in no way disturbs our conclusion. The parties to the settlement before a trial could not know the outcome of Hill's suit. When the insurer of The Austin Company made its settlement with Hill and The Travelers Insurance Company, it eliminated the risk that would flow from a finding by the trial court in Hill's suit that his injuries were due to the negligence of The Austin Company. Now that the appellee has borne the burden of this settlement as insurer of The Austin Company and now that the court below has decided that the negligence of The Austin Company in no respect contributed to Hill's injuries, the appellee may not distort the plain terms of the indemnity provision between The Austin Company and the appellants so as to reimburse itself.

The judgment appealed from is reversed, and the cause is remanded for proceedings not inconsistent with the views herein expressed.

Reversed and remanded.